OPINION
{¶ 1} Rico McClellan, the putative father of R.C.A., a minor, appeals from the trial court's decision and entry finding his consent to the child's adoption to be unnecessary.
 {¶ 2} In two related assignments of error, McClellan asserts that the trial court erred in finding his consent unnecessary under R.C. § 3107.07(A) because he has failed to support R.C.A. and has failed to communicate with the child. Appellee Derrick Anderson, who seeks to adopt R.C.A., has not favored us with a brief.
 {¶ 3} The record reflects that R.C.A. was born on January 30, 1990, to Rico McClellan and Tiphany Winchester (n.k.a. Anderson). In 1992, McClellan was convicted of aggravated murder. He remains incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio, serving a sentence of 20 years to life in prison. In August, 1993, Tiphany married Derrick Anderson. Since that time, R.C.A. has resided with Tiphany and Derrick.
 {¶ 4} On October 18, 2001, Derrick filed a petition to adopt R.C.A. McClellan responded with a written objection, and the trial court appointed a guardian ad litem/counsel to represent him. The trial court then conducted an evidentiary hearing on May 15, 2002. Thereafter, the parties submitted proposed findings of fact and conclusions of law. In a July 24, 2002, decision and entry, the trial court adopted Derrick's findings of fact and conclusions of law, finding that McClellan's consent to the adoption was not required under R.C. § 3107.07(A). McClellan filed a timely appeal, advancing the two assignments of error set forth above.
 {¶ 5} Before turning to McClellan's arguments, we must address a threshold issue concerning the applicable statute in this case. The petition completed and filed by Derrick is a form adoption petition provided by the Montgomery County Probate Court. It includes spaces for a petitioner to identify any person whose consent to adoption is not required. It then provides boxes for a petitioner to mark, identifying the specific statutory grounds under R.C. § 3107.07 for his or her assertion that such consent is not required.[1]
 {¶ 6} In the present case, it appears that two boxes on Derrick's petition originally were marked, but the marks were covered with white-out. These two boxes are located next to language taken from R.C. § 3107.07(A), which provides, inter alia, that a parent's consent to adoption is not required if "the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 7} In addition, the adoption petition includes a line where other grounds for not requiring consent under R.C. § 3107.07 may be inserted. In Derrick's petition, the following words were typed on that line: "Rico Darington McLennan (sic), the putative father, has failed to care for and support the minor." This language essentially tracks R.C. § 3107.07(B), which provides that a putative father's consent to the adoption of a minor is not required if the putative father "has willfully abandoned or failed to care for and support the minor." Although the foregoing language was typed on the line for "other" grounds, we note that the box adjacent to this line was not marked.
 {¶ 8} In any event, the trial court subsequently directed the Scioto County Sheriff to give McClellan personal notice that Derrick had filed an adoption petition. Among other things, the trial court ordered the Scioto County Sheriff to inform McClellan: "It is alleged in the Petition, pursuant to R.C. 3107.07(B), that the consent of Rico McLellan (sic) is not required because Rico McLellan (sic), has failed to care for and support the minor."
 {¶ 9} Despite Derrick's failure to mark a box identifying the specific statutory basis for his claim that McClellan's consent was not necessary, the trial court acted appropriately in concluding that Derrick was proceeding under R.C. § 3107.07(B). As noted above, that subsection applies to a putative father, whereas R.C. § 3107.07(A) applies to a parent. In the present case, the trial court found, and the parties agree, that Rico McClellan is R.C.A.'s "putative father."[2]
Under the version of R.C. § 3107.06(F) applicable to McClellan, the necessity for a putative father's consent is determined in accordance with the standards set forth in R.C. § 3107.07(B). The criteria set forth in § 3107.07(A) have no applicability to putative fathers. Consequently, it appears that Derrick's counsel erroneously marked the two boxes that tracked the language of R.C. § 3107.07(A) but then covered them with white-out after recognizing that they applied to a parent. Derrick's counsel then appears to have filled in the blank line for asserting "other" grounds with appropriate language from R.C. §3107.07(B) but neglected to mark the adjacent box.
 {¶ 10} Given that the trial court, in its notice to McClellan, properly interpreted the petition as one invoking R.C. § 3107.07(B), we ordinarily would not be troubled by the foregoing procedure. In the present case, however, the matter proceeded to a hearing at which the parties and the trial court inexplicably treated the petition as one invoking R.C. § 3107.07(A). The parties' trial briefs cited R.C. § 3107.07(A) and case law dealing with that subsection. Likewise, both parties' proposed findings of fact and conclusions of law cited § 3107.07(A) and related case law. During the evidentiary hearing, the parties and the trial court also clearly proceeded under the mistaken belief that the applicable statute was § 3107.07(A). Finally, the trial court's July 24, 2002, decision and entry adopted Derrick's findings of fact and conclusions of law, which erroneously applied the standards found in R.C. § 3107.07(A) and addressed McClellan's failure to communicate with R.C.A. during the requisite one-year period. Immediately after adopting Derrick's proposed findings of fact and conclusions of law, however, the trial court stated "that the putative father has failed to care for and support the minor child, and therefore, the consent of the putative father is not required." (Doc. #30). Although the trial court left out the word "willfully," this finding closely tracks R.C. § 3107.07(B), which provides that a putative father's consent is not required if he "has wilfully abandoned or failed to care for and support the minor[.]"[3] We note, however, that Derrick's conclusions of law, which the trial court expressly adopted as its own, dealt exclusively with McClellan's failure to communicate with R.C.A. (a basis for finding consent unnecessary under § 3107.07(A)), and not a failure to support her. Indeed, as noted above, after correctly giving McClellan notice that Derrick's petition addressed the need for consent under R.C. § 3107.07(B), the trial court, along with counsel for both parties, erroneously proceeded to try the matter as one arising under § 3107.07(A).
 {¶ 11} In light of the foregoing facts, we must determine the effect of the parties' and the trial court's mistaken use of R.C. §3107.07(A) to determine the necessity of McClellan's consent. This issue is complicated by the fact that neither party objected to proceeding under R.C. § 3107.07(A) during the evidentiary hearing. To the contrary, as noted above, both parties briefed and argued the issue to the trial court as if Derrick's petition implicated R.C. § 3107.07(A). In addition, we note that McClellan has not raised this issue on appeal, arguing instead that the trial court's findings under R.C. § 3107.07(A) are not supported by the evidence.
 {¶ 12} Under the facts of the present case, we are compelled to reverse the trial court's judgement on the basis that its reliance on R.C. § 3107.07(A) constituted plain error. Cf. In the Matter of theAdoption of Youngpeter (June 24, 1988), Hancock App. No. 5-87-18 (sua sponte noting the trial court's erroneous reliance on R.C. § 3107.07(A) rather than R.C. § 3107.07(B) and reversing the trial court's judgment on that basis). In reaching this conclusion, we recognize that the civil plain error doctrine must be applied sparingly. Goldfuss v.Davidson, 79 Ohio St.3d 116, 1997-Ohio-401. The Ohio Supreme Court has noted, however, that the doctrine is applicable in the extremely rare case where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process. Id. In the present case, we conclude that the trial court's erroneous application of R.C. §3107.07(A) seriously affected the basic fairness of the proceeding below.
 {¶ 13} In finding the civil plain error doctrine to be applicable, we first note that the termination of parental rights is "`the family law equivalent of the death penalty in a criminal case.'" In reHayes (1997), 79 Ohio St.3d 46, 48, quoting In re Smith (1991),77 Ohio App.3d 1, 16. In our view, application of the doctrine is particularly appropriate where adoption is at issue, as such a proceeding may implicate fundamental liberty interests and basic civil rights. Cf.In the Matter of Morris (Oct. 16, 2000), Butler App. No. CA2000-01-001 (recognizing that the civil plain error doctrine may be applied in the context of permanent custody proceedings). Indeed, we note that McClellan was provided with a court-appointed guardian ad litem/counsel in the present case precisely because of the nature of the rights implicated by Derrick's petition for the adoption of R.C.A. Unfortunately, however, neither counsel nor the trial court assured that McClellan received a hearing that was fundamentally fair.
 {¶ 14} As noted above, the trial court correctly ordered McClellan to be served with personal notice that the adoption petition alleged his consent was unnecessary under R.C. § 3107.07(B) because he had "failed to care for and support" R.C.A. Unfortunately, McClellan's court-appointed guardian ad litem/counsel then appeared at an evidentiary hearing where everyone involved addressed almost exclusively whether McClellan had failed to "communicate" with R.C.A. Although a failure to communicate with a child may constitute grounds for finding consent unnecessary under § 3107.07(A), it is not a statutory basis for finding consent unnecessary under § 3107.07(B). Consequently, even if the parties could be said to have tried the "communication" issue by implied consent, despite that it was not mentioned in the adoption petition, the fact remains that a lack of communication, per se, does not appear to constitute grounds for finding a putative father's consent unnecessary under § 3107.07(B).[4] Moreover, the trial court summarily adopted Derrick's proposed findings of fact and conclusions of law, which also focused on McClellan's lack of communication with R.C.A. Indeed, none of the conclusions of law adopted by the trial court concerned McClellan's willful failure to care for and support R.C.A.
 {¶ 15} After adopting Derrick's findings of fact and conclusions of law, however, the trial court did state, in its July 24, 2002, decision and entry, that "the putative father has failed to care for and support the minor child, and therefore, the consent of the putative father is not required." (Doc. #30 at 1). Although this finding tracks R.C. § 3107.07(B), it omits the crucial word "willfully." As explained above, a putative father's consent to adoption is not required if, under R.C. § 3107.07(B), he wilfully has failed to care for and support his minor child. See, e.g., In the Matter of the Adoption ofBachman (Sept. 13, 1996), Montgomery App. No. 15720. Given that the evidentiary hearing in this matter addressed a different issue under R.C. § 3107.07(A), namely McClellan's lack of communication with R.C.A., we decline to read the word "willfully" into the trial court's July 24, 2002, decision and entry. In our view, the trial court should make this determination in the first instance. See Bachman, supra (reversing and remanding where the trial court improperly applied R.C. § 3107.07(A) to a putative father and, in so doing, did not determine whether the putative father's failure to provide support was "willful" within the meaning of R.C. § 3107.07(B)).
 {¶ 16} For present purposes, we hold only that the trial court committed plain error by finding McClellan's consent to adoption unnecessary based on findings of fact and conclusions of law that focused on his lack of communication with R.C.A. under R.C. § 3107.07(A). The trial court's error seriously affected the basic fairness of the process, insofar as: (1) McClellan had been given notice that the adoption petition involved R.C. § 3107.07(B); and (2) R.C. § 3107.07(A) has no applicability to putative fathers. Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
 {¶ 17} Judgment reversed and cause remanded.
FAIN, P.J., and WOLFF, J., concur.
[1] Section 3107.07 of the Revised Code sets forth a number of different circumstances under which a person's consent to adoption is not required.
[2] For purposes of § 3107.07(A), a "parent" is one whose paternity has been legally established. Section 3107.07(A) does not apply to putative fathers. Rather, the necessity for the consent of a putative father is determined under § 3107.07(B). In the Matter of theAdoption of James Michael Bachman (Sept. 13, 1996), Montgomery App. No. 15720 (holding that the trial court erred in applying § 3107.07(A) rather than § 3107.07(B) when determining the need for a putative father's consent to adoption).
[3] Although it is perhaps unclear whether the word "wilfully" modifies only "abandoned" or also modifies "failed to care for and support," this court previously has read § 3107.07(B) as requiring a petitioner to establish a willful failure to care for and support a child. See In theMatter of the Adoption of Bachman (Sept. 13, 1996), Montgomery App. No. 15720.
[4] Presumably, it may be argued that a putative father's lack of communication with a child is relevant under R.C. § 3107.07(B), insofar as it might help establish a willful failure to "care for" the child. Whether McClellan's lack of communication in the present case, when viewed in light of the other evidence, is sufficient to support a finding that he willfully failed to "care for" R.C.A. within the meaning of § 3107.07(B) is an issue that the trial court should address in the first instance.